FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 23 2014

DAVID J MALAND, CLERK
BY
DEPUTY ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** EASTERN **DISTRICT OF TEXAS**
BEAUMONT **DIVISION**

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

Anthony Norman #1718789
Plaintiff's name and ID Number

WYNNE UNIT TDCJ-CID
Place of Confinement

CASE NO: 1:14CV289
(Clerk will assign the number)

v. Brad Livingston (Official Capacity),
Executive Director TDCJ-CID P.O. Box 99 Huntsville, TX 77342 ~~77342~~
Defendant's name and address

Frank Hoke (Official + Individual Capacity), Director Access to Courts TDCJ-CID P.O. Box 99 Huntsville, TX 77342
Vicky Barrows (Official + Individual Capacity), Coordinator Access to Courts TDCJ-CID P.O. Box 99 Huntsville, TX 77342
Defendant's name and address

Robert Quada (Individual Capacity) ~~P.O. Box 99~~ ~~Huntsville, TX 77342~~ 810 FM 2821 Huntsville, TX 77349
Shelly Baldwin. (Individual Capacity) ~~P.O. Box 99 Huntsville, TX 77342~~ P.O. Box 999 Rusk, TX 75785
Defendant's name and address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

**FILING FEE AND IN FORMA PAUPERIS**

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

**I. PREVIOUS LAWSUITS:**

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment? ✓ YES ______ NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: ~~12/04/2013~~ 01/10/2014

2. Parties to previous lawsuit:
   Plaintiff(s): Anthony Norman
   Defendant(s): Texas Court of Criminal Appeals, Sharon Keller, 14th Dist. Court of Appeals, Adele Hedges

3. Court (If federal, name the district; if state, name the county) Federal Southern District of TX

4. Docket Number: ~~H-~~ 14-cv-0074

5. Name of judge to whom case was assigned: Rosenthal

6. Disposition: (Was the case dismissed, appealed, still pending?)
   dismissed, currently on appeal

7. Approximate date of disposition: ~ 01/31/2014

**II. PLACE OF PRESENT CONFINEMENT:** WYNNE 810 FM 2821 Huntsville, TX

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? ✓ YES ___ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

Respondents have failed/refused to return all Step 2s.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: Anthony Norman 810 FM 2821 Huntsville, TX 77349

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Brad Livingston, Executive Director TDCJ-CID, (Official capacity) P.O. Box 99 Huntsville, TX 77342

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Failed to supervise employee, allowed establishment of Constitutional Violation(s)

Defendant #2: Frank Hoke, Director Access to Courts TDCJ-CID, (Official and Individual capacity) P.O. Box 99 Huntsville, TX ~~77349~~ 77342

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Established Un Constitutional rules/regulations, failed to supervise employees

Defendant #3: Vicky Barrows, Coordinator Access to Courts TDCJ-CID, (Official and Individual capacity) P.O. Box 99 Huntsville, TX ~~77349~~ 77342

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Implemented known Un Constitutional, and unlawful practices

Defendant #4: Robert Quada, Law Librarian TDCJ-CID, (Official and Individual capacity) 810 FM 2821 Huntsville, TX 77349

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Implemented known Un Constitutional, and unlawful practices

Defendant #5: Shelly Baldwin, Law Librarian TDCJ-CID, (Official and Individual capacity) P.O. Box 999 Rusk, TX 75785

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Implemented known Un Constitutional, and unlawful practices

**V. STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal argument or cite any cases of statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

see attached: V. Statement of Claim

**VI. RELIEF:** State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

see attached: VI. Relief

**VII. GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

Anthony Norman, Anthony Whitney Norman, Anthony Whitney Norman Jr

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

TDCJ CID # 1718789

**VIII. SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): ________
2. Case Number: ________
3. Approximate date sanctions were imposed: ________
4. Have the sanctions been lifted or otherwise satisfied? ____ YES ____ NO

C. Has any court ever warned or notified you that sanctions could be imposed? / YES ___ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed warning (if federal, give the district and division): Southern Dist of Texas
2. Case number: ? , H14-0074
3. Approximate date warning were imposed: ~ 8/30/2012 , ~ 01/30/2014

Executed on: 05/20/2014
(Date)

Anthony Norman
(Printed Name)

[signature]
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this 20 (Day) day of May (Month), 20 14 (Year).

Anthony Norman
(Printed Name)

[signature]
(Signature of Plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

I. Previous Lawsuits:

B (2)

1.) Approx. date of filing 07/31/2012

2.) Plaintiff: Anthony Whitney Abiman

~~3.)~~ Defendant(s): 14th District Court of Appeals, ETAL

3.) Southern District of Texas

4.) ?

5.) ?

6.) Disposition: Dismissed

7.) Approx. date of disposition 08/30/2012.

## V. Statement of Claim

Respondents have engaged in a Civil Conspiracy to deny/deprive the Petitioner and other situated persons his/their U.S.C.A. First Amendment Right to Free Speech excercised by filing/responding to Petitions/Briefs in both State, and Federal Courts. Said conduct has occured in reference to the Petitioner from on, or about ~~[illegible]~~ 07/09/2011 and continuing to present.

A.) Improper Motive / Bad Motive

1.) Robert Quada has specifically stated that: "[he]... and others have devised a plan to save TDCJ tens of millions of dollars per year by denying inmates [including the Petitioner] Access to the Courts." Petitioner can provide multiple witnesses.

2) Robert Quada admitted to Petitioner on 05/15/2014 that: [he has been]... instructed by Access to Courts whom he identified as "Frank Hoke" to fustrate, and hinder inmates Access to the Courts - that it was his job.

3.) Petitioner has filed multiple Step 1s, and Step 2s regarding this issue, and other related issues - no correction has been achieved to relieve the Petitioner of the punitive acts implemented by Access to Courts, and Robert Quada.

4.) Petitioner has been actually prejudiced denying him the ability to file a non-frivolous complaint in State, and Federal Courts.

B.) Method(s) used to deny Access to Courts

1.) Inadequate Reference Material / Outdated case References

Access to Courts (Frank Hoke, Brad Livingston, Vicky Barrows, and Robert Quada) have refused to, failed to manage, and/or conspired to adequately supply necessary Legal References, and Legal Facilities at the minimum at both the Hodge/Skyview Law Library, and Wynne Law Library. This deficiency has yielded a result in denying the Petitioner the ability to file non-frivolous briefs/petitions with both State, and Federal Courts.

Currently there is/are:

a.) No method(s) for searching current cases by keyword. This FACT makes it impossible to find new, or relevant cases.

b.) No index which is currently updated, and shows U.S. Supreme Court Precedence. Access to Courts has subscribed sporatically to West Texas 2D Supplement which is in itself in adequate since it only cites cases related to Texas State, TX Federal District Court, and C.C.A 5 cases. This fact has made it impossible to win a 28 U.S.C. §2254 as only U.S. Supreme Court Precedence is implicated and NOT Texas State, or C.C.A 5 cases.

c.) No access to the Texas Constitution is provided which provides more rights than the U.S. Constitution, and are protected via U.S.C.A. 14th Amendment. Petitioner has not been able to

file or Petition the Court using all his State Rights due to the FACT that the Respondent(s) have removed, and refused to provide the Texas Constitution,

d.) No access to recently passed Texas Statues concerning Post Conviction Relief which has expanded, or agmented T.C.C.P. 11.07.

e.) Respondents have indicated by the Law Library holding list that cases can be requested to look up as a means to justify, or account for the lack of physical resources. However this resource is limited to a supervised look up available within 24-72 hours of 3 cases either being shepardized or actually ordered per day 5 days per week. Unfortunatley the Respondent(s) have refused to maintain a current subscription with the publisher LEXIS NEXIS, and the cases available are over 16 months out of date.

i.) In addition even when cases can be shepardized the shepard is over 6 months old, or older,

ii.) In addition there are no cases which have been rendered since 01/31/2013 available in this "Electronic Case Lookup System even though the WYNNE Law Library Holdings List indicates recent cases are available for look up.

iii.) One third of shepards come back as either Fed. Appx, or L. Ed neither of which are contained in this Electronic Subscription.

f.) Respondent(s) have refused to copy documents to be filed in the U.S. District, U.S. Appellate, and U.S. Supreme Court in violation of the Stated rules of Court. T.R.A.P., T.R.C.P., F.R.C.P, F.R.A.P..

g.) No Access to relevant criminal statues which do not appear in Texas Penal Code are available such as the Texas Health and Safiey Code which has drug offenses, or the Texas Human Resource, and/or Texas Education Code even though these Codes are referenced by the Texas Penal Code. They are not available despite the fact that they are completely free via www. Texas.gov, and/or could be freely down loaded from the same.

h.) Respondent's have provided no access to any legitimate means of looking up the legal service address of a corporate (bank) [who has agrieved Petitioner] - for a civil action filed in State Court.

i.) Petitioner's case was dismissed for want of prosecution due to the inability to find the Defendant's mailing address to effect service.

ii.) Petitioner has suffered an actual loss of over $35,000 due to this inability to effectively file a non-frivolous suit.

i.) No Access is provided, or available to review evidence on file with Petitioner's trial/appellate attorneys- which shows/proves the State Prosecutor knowingly used perjured testimony. Petitioner is actually prejudiced, and prevented from filing an effective T.C.C.P. 11.07.

j.) On shelf/Electronic References available:

i.) West Texas 2D Digest 2012 ~~January~~ September
2011 January
2014 January - is provided on request for two days out of a month for a maximum of 3 hours.

Petitioner has requested, but has been denied access to this "INDEX"

Robert Quada has claimed:

1.) That the Petitioner signed for the book on or about 05/07/2014 twice - even though he did not attend the Law Library on 05/15/2014.

2.) That the book was sent back to Access to Courts on 05/13/2014.

3.) That he was sending the book back to Access to Courts 05/15/2014.

Petitioner has made a multiple request via I-60, but Quada will not provide ANY updated index of cases - even though what is available is insufficient. Petitioner has not been able to research cases necessary to file an effective appeal in the 5th Circuit, or file his 11.07.

ii) West Tx 2D Digest

a.) Primarily cites TX cases which are irrellevant to Supreme Court precedence.

b.) Books have not been updated since 2009

c.) Supplements have not been updated since 2009, 2012 in all cases.

d.) Approx. 1/3 of cases cite Fed. Appx. which are unavailable in book form, or via "electronic case look up system."

e.) Some West Keys only cite Fed. Appx. which are wholly unavailable.

iii) West Annotated Vernon Statues

a.) Penal Code

b.) Texas Code of Criminal Procedures

c.) Family Code

d.) Civil Practice and Remedies

e.) Civil Statues

None of these volumes have been updated since 2012 January.

iv.) Corpus Juris - Criminal Law only

a.) Has not been updated since January 31 2012.

v.) United States Code Annotated 42 USC §1983 - only

a.) Has not been updated since January 31 2012.

k.) On 04/17/2012 Petitioner attempted to mail a Supplemental Appellate Brief to the 14th District Court of Appeals of Texas via Certified Mail. Petitioner was denied Certified Mail via Shelly Baldwin, and told he could rely on prison mail logs to prove his mailing. On or about 01/20/2014 Petitioner discovered the 14th District Court of Appeals which claimed his direct Appeal was improperly briefed had improperly Amended/Added his Amended Brief on to a courtesy copy of a Writ of Mandamus sent to the 14th. Whether or not Petitioner had or had not Amended his Brief has been a contested issue as evidenced by 14-11-00433-CR, (WR-76,389-03), (WR-76,389-04), (WR-76,389-04), (WR-76,389-05), 4:13-cv-00624 Anthony Whitney Norman v. William Stephens, and 14-20095 in the 5th Circuit. One of the cornerstone arguments, and justifications the State has made for the continued incarceration of the Petitioner is an improperly briefed Appellate Brief. Had the Respondents permitted certified mail to be sent Petitioner would have already been home Actually Innocent. Petitioner at this late date is confronted with even a denial of

access to the mail log as he has been informed by both Robert Quada, Vicky Barrows, and Shelly Baldwin that as a TDCJ Prisoner he has no right to make an open records request under state law. As such Petitioner has suffered actual Prejudice.

2.) No Access to Pacer.gov

a.) Respondent(s) have set the State up with fundamentally, and far superior Access to the Courts in an effort to provide their organization a distinct advantage over prison litigants who are in opposition to their/its' unconstitutional practices.

b.) Petitioner has suffered actual prejudice in having to wait over 7 month to find that the State Attorney General's Office had filed in his 28 U.S.C. §2254 case a copy of his Amended Brief which had been claimed not to have been filed. This lack of knowledge Prejudiced the Petitioner by not being able to FACTUALLY assert to the U.S. District Court the Proof needed to displace the assumption of regularity in the State proceedings. There by forcing the Petitioner to Appeal the decision in 4:13-cv-00624

c.) Petitioner was Prejudiced by the failure of the U.S. District Clerk to notify him a final judgement, or Memorandum had issued on 12/10/2013 causing him over 3 months in Appealing the Judgement.

Respondents have engaged in what amounts to a Civil Conspiracy to prevent the Petitioner from exercising his State, and Federal Rights of Open Access to Courts, and Access to Courts. Petitioners Federal Right of Access to Court has been implicated via his inability to prepare, and file sufficient petitions for Habeas, and Appellate Relief. Both Baldwin, and Quada have deprived the Petitioner of necessary supplies, and facilities which are known to be needed to effectively challenge a conviction. All parties are acting under Color of State Law, and are State Actors. Petitioner has been Actually prejudiced by the ~~Policy~~ - Policies, and Procedures implemented, and created to deter, or prevent litigation.

VI. Relief: Petitioner seeks:

1.) Injunctive Relief against TDCJ-CID / Executive Director TDCJ-CID to require that All Law Libraries under his supervision be provisioned with adequate legal resources which would allow an inmate to be congnizant of current State Law, current State Precedence in Criminal Procedings, and all applicable U.S. Supreme Court Precedent.

2.) Injunctive Relief against TDCJ-CID / Executive Director TDCJ-CID, ~~to re~~ Frank Hoke, Vicky Barrows to require any Policy of fustrating inmates Access to the Courts recinded, and training of existing, and future Law Librarians of their Absolute Responsibility to provide legitimate access to courts.

3.) Injunctive Relief to require TDCJ-CID to provide all State Law currently enacted by the State of Texas as guaranteed by the Texas Constitution

4.) Compensation for the Actual Damaged caused to Petitioner's personal property $ 835,000 plus exemplary damages in the amount of 10 Million Dollars ~~jointly~~ applied jointly, and severally to Quada, Barrows, Baldwin, and Hoke.

5.) Declaratory Relief citing an Inmates necessity, and Constitutional Right in Texas to State, and Federal Precedence.

VI/I