United States District Court
Southern District of Texas

**ENTERED**

April 01, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY NORMAN, | § | |
| TDCJ #1718789, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-14-2488 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Plaintiff Anthony Norman (TDCJ #1718789), a state inmate currently incarcerated by the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ"), filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his right to access the courts.  Docket Entry Nos. 1 & 21-1.  Pending are Defendants' motion to dismiss (Docket Entry No. 15); and Plaintiff's motions for a temporary injunction (Docket Entry No. 9), for leave to supplement and amend (Docket Entry No. 21), for an evidentiary hearing (Docket Entry No. 25), and to proceed *in forma pauperis* (Docket Entry No. 26).   After reviewing the motions, the responses, the arguments of the parties, and the applicable law, the Court concludes as follows.

## I.      Background

Plaintiff Anthony Norman ("Plaintiff") alleges that TDCJ Executive Director Brad Livingston ("Livingston"), Director of Access to Courts Frank Hoke ("Hoke"), Access to Courts Coordinator Vicky Barrows ("Barrows"), Law Librarian Robert Quada ("Quada"), Law Librarian Shelly Baldwin ("Baldwin"), and Region I Coordinator M. Sessions ("Sessions,"[1] and

---

[1] Plaintiff alleges that Sessions is now the primary actor implementing "policy" for the TDCJ. *See* Docket Entry No. 21 at 2.  Hoke and Sessions have not been served with the Complaint or its supplement in this case.  Nonetheless, for the reasons set forth in this Memorandum and Order, because Plaintiff does not state a claim against any party, the Court will dismiss those defendants *sua sponte* pursuant to 28 U.S.C.

collectively, "Defendants"),[2] have engaged in a conspiracy and/or implemented policies which infringe his rights to access the courts.  He alleges that Defendants established or implemented unconstitutional rules or regulations, failed to supervise employees, denied Plaintiff's First, Sixth, Fourteenth, and Fifth Amendment rights, and committed conspiracy and fraud.

Regarding the prison law library's alleged deficiencies, Plaintiff claims that: (1) the law libraries in the units in which he has been incarcerated lack adequate resources; (2) the volumes of legal reference books or case law are out-of-date or non-existent; (3) he has no access to PACER[3]; (4) he is only allowed to order or Shepardize[4] three cases per day, five days a week; (5) there is no updated index; (6) there is no method to search electronically for cases by keyword; (7) there is no access to LEXIS NEXIS; and (8) there is no access to the Texas Constitution, to recently passed Texas statutes that have amended Texas Code of Criminal Procedure 11.07, or to relevant criminal statutes that are not found in the Penal Code.[5]

Plaintiff alleges further that there is no access to look up addresses for corporations, and that his lawsuit against a bank that he claims owed him $835,000 was dismissed for want of prosecution because he could not get its proper address for service of process.[6]  Plaintiff also

---

§1915A(b)(1).

[2] In a supplemental or amended complaint, Plaintiff advises the Court that Hoke and Quada have both retired and have been replaced in their official capacities by Sessions, who is now the Region I Access to Courts Coordinator.  Docket Entry No. 21 at 2.  Plaintiff also advises that Barrows has replaced Hoke.  *Id.*

[3] PACER is the acronym for "Public Access to Court Electronic Records," which "is an electronic public access service that allows users to obtain case and docket information online . . . ."  PACER website, *available at* https://www.pacer.gov/, last visited on March 21, 2016.

[4] "Shepardize" refers to the process of "determining the subsequent history and treatment of (a case) by using a printed or computerized version of *Shepard's Citators*."  BLACK'S LAW DICTIONARY 1502 (9th ed. 2009).

[5] Docket Entry No. 1 at 8-13.

[6] *Id.* at 10.

claims that Baldwin fraudulently represented to him that he could mail his supplemental appellate brief for his direct appeal of his criminal prosecution in the Fourteenth Court of Appeals by regular mail and rely on the mailing logs to prove that it was mailed, and then did not allow him access to those logs to show that he had mailed his brief.[7]   He alleges that he only discovered, in the summer of 2013 in connection with the records produced for his federal habeas petition, that the Fourteenth Court of Appeals purportedly did not receive that supplemental brief because state records for his federal habeas petition showed that his appellate reply brief was appended to a writ of mandamus.  He alleges that he was prejudiced because the intermediate court of appeals mentioned in its opinion that his issues were inadequately briefed.

Plaintiff further alleges, in his amended complaint, that since December 19, 2011, Defendants have prevented him from viewing 13 compact discs ("CDs") that could potentially show that he has an ineffective assistance of counsel or actual innocence claim. Docket Entry No. 21-1 at 8-9.

Plaintiff seeks injunctive relief against Livingston in his official capacity to require that all the law libraries under Livingston's supervision are adequately provisioned with legal resources; injunctive relief against all defendants to eliminate, and/or provide for disciplinary action against, any employee who intentionally frustrates an inmate's access to courts, and for clear instructions to be provided explaining the necessity to offer sufficient assistance to promote inmate access to the Courts; injunctive relief to require TDCJ to provide a copy of the state constitution, access to Vernon's statutes, and a method to search for cases electronically by keyword; injunctive relief against TDCJ to provide a reasonable method of creating documents electronically to submit to the courts electronically, and a way to verify legible

---

[7] *Id.* at 12.

transmission/receipt of court papers; compensatory relief for actual damages caused to Plaintiff's personal property by the defendants of $835,000, exemplary damages of $10 million, and unspecified monetary damages from Defendants Hoke, Quada, Barrows, and Sessions.[8]

Defendants have moved to dismiss under Rules 12(b)(1) and 12(b)(6), contending that they are immune from the claims in their official capacity, entitled to qualified immunity for claims in their individual capacity, and otherwise that Plaintiff has failed to state a valid claim for which relief may be granted.

## II.    Standards of Review

### A.    Rule 12(b)(1)

Federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted).  As such, the existence of subject matter jurisdiction may be challenged at any stage in the litigation and may be raised by the district court on its own motion.  *See Nguyen v. Dist. Director, Bureau of Immigration and Customs Enforcement*, 400 F.3d 255, 260 (5th Cir. 2005) (citations omitted).

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a Rule 12(b)(1) motion is filed along with other Rule 12 motions, the court should first consider the Rule 12(b)(1) motion.  *Id.*

### B.    Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which

---

[8] Docket Entry No. 21-1 at 10-12.

relief can be granted." FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  *Id.*

In considering a motion to dismiss under Rule 12(b)(6), the district court construes the allegations in the complaint favorably to the pleader and accepts as true all well-pled facts in the complaint.  *La Porte Construction Co. v. Bayshore Nat'l Bank of La Porte, Tex.*, 805 F.2d 1254, 1255 (5th Cir. 1986).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint "does not need detailed factual allegations ... [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citations and internal footnote omitted).

### C.    Prisoner Litigation Reform Act Standard

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard than those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002).

### D.    42 U.S.C. § 1983

The Civil Rights Act of 1866 creates a private right of action for redressing the violation of federal law by those acting under color of state law.  42 U.S.C. § 1983; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984). Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights conferred elsewhere.  *Albright v. Oliver,* 510 U.S. 266, 271 (1994).  To prevail on a section 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *Blessing v. Freestone,* 520 U.S. 329, 340 (1997).  A section 1983 complainant must support his claim with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations.  *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995). Thus for plaintiff to recover, he must show that the defendant deprived him a right guaranteed by the Constitution or laws of the United States.  *See Daniels v. Williams,* 474 U.S. 327, 329-31 (1986).

## III.    Discussion

### A.    Official capacity claims against state employees pursuant to 42 U.S.C. § 1983.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.  Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54-55 (1996); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984) (explaining that the Eleventh Amendment acts as a jurisdictional bar to suit against a state in federal court).  Unless expressly waived, the Eleventh Amendment bars an action in federal court by, *inter alia*, a citizen of a state against his or her own state, including a state agency.  *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002).

#### 1.    Claims for monetary damages

As a state agency, TDCJ is immune from a suit for money damages under the Eleventh Amendment unless it is waived or abrogated by Congress.  *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  It is also settled that the Eleventh Amendment bars a recovery of money damages under 42 U.S.C. § 1983 from state employees in their official capacities.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).   Therefore, Plaintiff's claims for monetary damages against

Defendants in their official capacities are barred by the Eleventh Amendment and will be dismissed without prejudice for lack of subject matter jurisdiction.

### 2.    Claims for injunctive relief

An exception to Eleventh Amendment immunity exists for suits brought against individuals in their official capacities, as agents of the state or a state entity, where the relief sought is injunctive in nature and prospective in effect.  *See Aguilar*, 160 F.3d at 1054 (citing *Ex parte Young*, 209 U.S. 123 (1908)).  "[T]o avoid an Eleventh Amendment bar by means of *Ex parte Young*, 'a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 344-45 (5th Cir. 2013) (quoting *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011); *Verizon Md. Inc. v. Pub. Serv. Comm'n.*, 535 U.S. 635, 645 (2002) (internal citation and quotation marks omitted)).  Thus, the *Ex parte Young* exception applies when (1) a plaintiff has pled a valid claim for a violation of federal law against a state official responsible for enforcing the law at issue in that person's official capacity; (2) the claim seeks only prospective injunctive relief; and (3) the claim seeks to address a "continuing violation of federal law."  *Walker v. Livingston*, 381 F. App'x 477, 478-79 (5th Cir. 2010) (per curiam) (citing *Seminole Tribe of Fla.*, 517 U.S. at 73); *see also Cantu*, 535 F. App'x at 344-45.

In this case, in addition to monetary compensation from all defendants except Livingston, Plaintiff seeks injunctive relief of more adequate legal resources and a declaration of the necessity of access to courts for inmates.

As explained in detail below, Plaintiff's claims for injunctive relief fail because he does not plead a valid claim for an ongoing violation of federal law against any state official in this

case. In addition, his allegations regarding the "fraudulent" or erroneous information he was given by the law library staff regarding whether he needed to certify his appellate brief, along with the refusal to assist him to discover the address for service of process for the bank, are completed events, and any claim of future injury is speculative and insufficient to indicate that there is a "'likelihood of substantial and immediate irreparable injury'" required for injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). Accordingly, Plaintiff's claims for injunctive relief against Defendants are subject to dismissal.

### B. Individual capacity claims under Section 1983–Qualified Immunity

Defendants have invoked the defense of qualified immunity for their actions regarding Plaintiff. Qualified immunity generally shields public officials acting within the scope of their authority from civil liability. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). As a result, courts will not deny qualified immunity unless "existing precedent . . . placed the statutory or constitutional question beyond debate," *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2083 (2011). Therefore, a plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id*. at 2080 (citation omitted). "Whether a defendant asserting qualified immunity may be personally liable turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law." *Fraire v. City of Arlington,* 957 F.2d 1268, 1272 (5th Cir.1992). When a defendant raises the defense of qualified immunity, the plaintiff bears the burden to negate the defense once it is properly raised. *Brumfield v. Hollins*, 551 F.3d 322,

326 (5th Cir. 2008) (citing *Bazan eex rel. Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001)).

A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (citation omitted).   In order for a right to be "clearly established," existing precedent "must have placed the statutory or constitutional question beyond debate." *Id.*

### C.    Access to Courts

Plaintiff alleges that he was denied access to courts because the law library lacks adequate resources and: (1) law library staffers did not allow him to consult a reference book or electronic database to discover the address of a bank which Plaintiff wanted to sue; (2) the law library at Wynne Unit, where he has been incarcerated, lacks adequate resources; (3) law librarian Baldwin instructed him that he should mail his supplemental appellate brief by regular mail, and Plaintiff alleges that the brief was erroneously appended to one of Plaintiff's writ applications rather than submitted and considered by the intermediate court of appeals; and (4) defendants did not allow Plaintiff to view the CDs from trial counsel that might have permitted him to assert ineffective assistance of counsel and actual innocence claims.

#### 1.    Legal Standard

Prisoners have a constitutionally protected right of access to the courts.  *See Lewis v. Casey,* 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith,* 430 U.S. 817 (1977)).  That right of access to the courts is generally afforded by the First, Fifth, and Fourteenth Amendments, the Due Process Clause, and the Equal Protection Clause.  *See Christopher v. Harbury,* 536 U.S.

403, 415 & n.12 (2002) (collecting cases that demonstrate the "unsettled . . . basis of the constitutional right of access to courts").

Even so, a prisoner's right of access to courts is not unlimited. *See Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir.), *cert. denied,* 522 U.S. 995 (1997)). The right encompasses only a reasonably adequate opportunity for inmates to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *See Jones,* 188 F.3d at 325 (citing *Lewis,* 518 U.S. at 351). In that regard, inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis,* 518 U.S. at 355. Instead, they are merely guaranteed "the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* Thus, the right of access to courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Harbury,* 536 U.S. at 415.

Likewise, inadequate access to a law library, or the lack of a specific legal resource, does not in itself establish a denial of access to courts. *Lewis*, 518 U.S. at 351. The right of access to courts requires prison administrators to make law library facilities available to inmates or to otherwise provide alternative means to achieve access to courts. *See Bounds,* 430 U.S. at 830. There is, however, no "abstract, freestanding right to a law library or legal assistance," and an inmate cannot demonstrate the requisite actual injury for an access to courts claim "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis,* 518 U.S. at 351. Instead, a plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to

pursue a legal claim." *Id.* Moreover, the injury requirement is not satisfied by "just any type of frustrated legal claim"; an inmate must allege facts to show that his ability to challenge his underlying conviction or pursue civil rights actions regarding prison conditions. *Id.* at 354-55.

Thus, although Plaintiff complains that the law library is inadequate and does not have the latest resources, he must go "one step further" and allege facts to show that these inadequacies hindered his efforts to pursue a legal claim regarding challenges to his criminal conviction or to the conditions of his confinement.

### 2.    Plaintiff's lawsuit against a bank

Plaintiff alleges that he was denied access to courts because, *inter alia*, prison law library staff did not allow him to search records in order to discover the address for service of process for a bank which Plaintiff claims owed him $835,000. Plaintiff does not plead facts to show how this matter relates to his underlying conviction or to prison conditions of his present confinement. *See Jones,* 188 F.3d at 325 (citing *Lewis,* 518 U.S. at 351, 354-55). Accordingly, Plaintiff's constitutional access to courts claim regarding the alleged refusal to provide an address for service of process of a bank fails as a matter of law and will be dismissed.

### 3.    Plaintiff's allegations about his supplemental appellate brief

Plaintiff claims that Baldwin's refusal to send his briefing by certified mail[9] caused him actual prejudice in his direct appeal of his conviction in the state intermediate court of appeals because he could not prove that he had filed his brief. Plaintiff also alleges that the appellate court criticized him for inadequate briefing, which he claims the supplemental brief would have

---

[9] In his supplemental complaint, Plaintiff also alleges generally that defendants "lied" to him about certification requirements in the Texas Rules of Appellate Procedure, but Plaintiff does not specify whether he is referring to certified mail or the certification of compliance and service on briefs required by Tex. R. App. P. 9.4. Plaintiff only cites to Tex. R. App. P. 38.7 and 38.9 in his response and neither of those rules states that a special certification is required to file a supplemental brief. *See* Docket Entry No. 18 at 8.

cured.

To prevail on an access to courts claim, a plaintiff must show an "'actual injury'-that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis,* 518 U.S. at 349–51 (citation omitted); *Oaks v. Wainwright,* 430 F.2d 241 (5th Cir. 1970) (noting that to succeed on an access to courts claim, the plaintiff must show real detriment such as loss of right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding). "The underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Harbury,* 536 U.S. at 415.  In other words, Plaintiff must show that the claims he asserted in his supplemental appellate brief, which allegedly were appended to the wrong case, were "arguable" and "non-frivolous." *Id.*

Plaintiff does not allege, and his pleadings do not show, any information whatsoever about the contents of his supplemental brief from which this Court could conclude that the claims had potential merit, or how the averments in that supplemental filing would have made a material difference in the intermediate appellate court's decision to affirm his conviction.[10]  *See Mendoza v. Strickland,* 414 F. App'x 616 (5th Cir. 2011) (dismissing claim of denial of access to the courts where inmate provided no information regarding the merit of his underlying post-conviction claims).  Plaintiff's conclusory assertion that the defendants interfered with the

---

[10] Court records, of which the Court takes judicial notice, belie Plaintiff's allegations against the TDCJ prison library system.  Plaintiff, proceeding on direct appeal *pro se*, submitted an Appellant's Brief and Appellant's Reply Brief in Cause No. 14-11-00433CR, in the Fourteenth Court of Appeals, on August 22, 2011 and July 9, 2012, respectively.  Plaintiff's briefs were neatly printed and cited numerous relevant cases.  *See Norman v. State*, Cause No. 14-11-00433-CR (Tex. App.–Houston [14th Dist.] 2012).  Plaintiff, proceeding *pro se* in his federal habeas action, cited relevant case law for his federal petition, which the court considered and rejected on the merits.  *See Norman v. Stephens*, Civ. A. No. 4:13-cv-00624 (S.D. Tex. Dec. 11, 2013) (Miller, J.).  Plaintiff has ably represented himself, albeit limited by the prison law library system, on his direct appeal, his federal habeas, and now this civil suit, citing relevant law to which he claims he has little or no access.

pursuit of his direct appeal fails to state an actual injury and hence fails to establish his entitlement to relief in this Court. *Harbury*, 536 U.S. at 415.

### 4. Potential ineffective assistance of counsel and actual innocence claims that were allegedly blocked by unspecified defendants

In his supplemental complaint, Plaintiff generally alleges that unspecified defendants refused to allow him to view 13 CDs from trial counsel that could possibly have allowed him to assert habeas claims for ineffective assistance of counsel and actual innocence.[11]  He alleges that defendants have "fraudulently[12] blocked" him from viewing CDs since December 19, 2011.  *Id.*

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law.  *See Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).  This means that Plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations.  *See Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir.1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).  Plaintiff's claim regarding being denied access to view the CDs from trial counsel arose no later than December 2011, when he admits in his pleadings that he was first denied access to those records. The complaint in this action is dated May 23, 2014, which is well beyond the limitations period.  Claims that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous.

---

[11] Docket Entry No. 21-1 at 8.

[12] To the extent that Plaintiff avers that any defendant is liable for "fraud," his complaint wholly fails to plead fraud with the specificity required by Federal Rule of Civil Procedure 9(b) and is subject to dismissal on that independent basis.  *See* Fed. R. Civ. P. 9(b).  Further, to the extent that Plaintiff alleges a state law claim for fraud rather than a federal civil rights claim under section 1983, the Court declines to exercise supplemental jurisdiction over the state law claim because it has dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C. § 1367.

*See Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993).  Plaintiff waited more than two years from the time his claims accrued to file suit regarding the CDs, and therefore his complaint is untimely and will be dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

Because Plaintiff does not plead facts to show that he suffered injury to nonfrivolous claims challenging his conviction or conditions of his confinement, his claim will be dismissed for failure to state a claim for which relief may be granted.

**IV.    Conclusion and Order**

Based on the foregoing, the Court **ORDERS** the following:

1.    Plaintiff's Motion for Leave to File Supplement and Amend (Docket Entry No. 21) is **GRANTED.**

2.    Defendants' Motion to Dismiss (Docket Entry No. 15) is **GRANTED.**

3.    Pursuant to 28 U.S.C. § 1915A(b)(1), the Court *sua sponte* dismisses Plaintiff's claims against Defendants Hoke and Sessions with prejudice as frivolous and for failure to state a claim for which relief can be granted.

4.    All claims against all defendants are **DISMISSED WITH PREJUDICE**.

5.    Plaintiff shall **TAKE NOTHING** on his claims.

6.    Plaintiff's Motions for a Temporary Injunction (Docket Entry No. 9) and for an Evidentiary Hearing (Docket Entry No. 25) are **DENIED.**

7.    Plaintiff's duplicative motion to proceed *in forma pauperis* (Docket Entry No. 26) is **DENIED as MOOT.**

8.    **This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).  The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler,**

**Texas, 75702, Attention: Three-Strikes List Manager.**

The Clerk will send a copy of this Order to all of the parties.

SIGNED at Houston, Texas, this 31st day of March, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE